IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER TORGERSON,

Plaintiff,

v.

JESSICA BLAHNIK,

Defendants.

ORDER

25-cv-334-jdp

---

Plaintiff Kristopher Torgerson, who is representing himself, has filed at least five pleadings and related documents generally alleging constitutional errors related to his conviction for homicide and the investigation that led to that conviction. Dkt. 1; Dkt. 21; Dkt. 24; Dkt. 30; Dkt. 31. This order provides plaintiff guidance on how to properly submit his claims for this court's review and also resolves some miscellaneous pending motions.

The court begins with the pleadings and related documents. Treating these submissions as one pleading would result in an excessively long complaint and a disordered record. Instead, the court will require Torgerson to file a complete amended complaint that names all the defendants and includes all the factual allegations and claims involved in this case. Once the court has received the complete amended complaint, it will be screened.

Torgerson must file his amended complaint on the court's prisoner complaint form, which the court will send him along with this order. If Torgerson needs more space to allege his claims, he may submit a maximum of (10) supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. The spacing in the typewritten documents that Torgerson has submitted to the court meets this standard.

In drafting the amended complaint, Torgerson should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Torgerson's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Torgerson should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Torgerson should identify his claims in this manner and omit any legal arguments.

Torgerson should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Torgerson must explain what each defendant did, or failed to do, to violate his rights. Torgerson should avoid referring to defendants collectively. Torgerson also should identify by full name in the case caption of the amended complaint every one of the defendants.

The court next turns to Torgerson's pending motions. Torgerson moves the court to order the U.S. Marshal to serve the complaint on defendants and to waive service fees because he's indigent. Dkt. 19 & Dkt. 25. The request for U.S. Marshal service is denied as unnecessary. Once Torgerson has filed a complete amended complaint, the court will screen it under 28 U.S.C. § 1915(e)(2)(B), which is mandatory because he proceeds without prepaying the filing fee. If the court allows the case to proceed, it will order the U.S. Marshal to conduct service pursuant to Federal Rule of Civil Procedure 4(c)(3).

The request for a waiver of service fees is denied as premature. Service has yet to take place, so there's no fee to collect. Besides, the court lacks the authority to order the Marshal to refrain from collecting fees in accordance with the schedule codified at 28 C.F.R. § 0.114(a).

*See Jackson v. Graves*, No. 14-cv-1206, 2015 WL 5577527, at *7 (E.D. Wis. Sept. 22, 2015) ("Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.").

Similarly, Torgerson moves the court to order the U.S. Marshal to include certain pleadings when it serves process on defendants. Dkt. 25. This request is premature and moot. Once Torgerson files the complete amended complaint, the court will screen it. If that pleading passes screening, the court will order the U.S. Marshal to serve it, and only it, on the defendants on which the court has allowed Torgerson to proceed.

Torgerson's motion to hold appeal in abeyance, Dkt. 27, is moot. Even if this court could provide this relief, the court of appeals has dismissed Torgerson's interlocutory appeal, so there's no basis to hold the appeal in abeyance. If Torgerson meant to ask this court to hold his outstanding motions in abeyance pending his appeal, that request is moot for the same reason.

Torgerson moves the court to take judicial notice of the alleged fact that retired law professor Keith A. Findley told him that he "would be happy to sign onto an appropriate amicus brief." Dkt. 34 at 1. This motion is premature and unnecessary. The case hasn't passed screening, so there would be no basis to file an amicus brief at this time. The motion is unnecessary because, if the case passed screening and the court ultimately authorized an amicus brief that Findley signed onto, the court would become aware of that fact then.

Torgerson's omnibus motion, Dkt. 26, will be dealt with by separate order.

ORDER

IT IS ORDERED that:

1. Plaintiff Kristopher Torgerson has until September 22, 2025 to file a complete amended complaint in accordance with the instructions provided in this order.

2. The complete amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the complete amended complaint, and against only the defendants specifically named in the complete amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. Plaintiff's motions for U.S. Marshal service and other relief, Dkt. 19 and Dkt. 25, are DENIED.

5. Plaintiff's motion to hold appeal in abeyance, Dkt. 27, is DENIED as moot.

6. Plaintiff's motion to take judicial notice, Dkt. 34, is DENIED.

Entered August 21, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge